UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20561-CIV-MORENO

DAISHA VECENTY and RODNEY BELLINGER, as Co-Personal Representatives of the Estate of ROBIN BELLINGER, and DAISHA VECENTY, and RODNEY BELLINGER, Survivors,

    Plaintiffs,

vs.

PALM BEACH COUNTY DEPARTMENT OF CORRECTIONS, PROBATION & PAROLE, JOETTA BATES, FLORIDA DEPARTMENT OF CORRECTIONS (MIAMI CIRCUIT OFFICE), JACKIE SEARS, DR., JOSEPH POITIER, MARIA GOMEZ, and MIAMI-DADE COUNTY,

    Defendants.
_____/

## ORDER DENYING MOTION TO VACATE

THIS CAUSE came before the Court upon Plaintiff's Motion to Vacate Order of Dismissal (D.E. No. 28), filed on **July 25, 2012**.

THE COURT has considered the motion, the responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED and all other pending motions are DENIED as moot. The Court notes that Plaintiff's failure to comply with Local Rule 7.1(a), by failing to provide a memorandum of law, is grounds alone to deny the motion to vacate the Order of Dismissal. Nevertheless, the Court has examined the merits of Plaintiff's motion to vacate and finds no basis to vacate the dismissal.

Plaintiff seeks to reinstate this case only against Joetta Bates, Dr. Joseph Poitier, the Florida Department of Corrections, Jackie Sears, Maria Gomez, and Miami-Dade County. Plaintiff is not

seeking the Court vacate the dismissal against the Miami-Dade County and Palm Beach County Departments of Correction, which are not *sui juris*. The Court, therefore, will not vacate the dismissals against those government departments.

The Order of Dismissal dismissed the case against Miami-Dade County for failure to serve in compliance with Federal Rule of Civil Procedure 4(m). There is no return of service on the docket indicating Plaintiff has properly served Miami-Dade County, within the 120 days required by the Federal Rules of Civil Procedure. Accordingly, the Court does not vacate the prior dismissal as to Defendant Miami-Dade County.

Likewise, the Court does not vacate the dismissal as to the State of Florida Department of Corrections. The Eleventh Amendment protects the State of Florida from this suit. *See Eldeman v. Jordan*, 415 U.S. 651 (1974); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000). The State of Florida has not consented to this suit for money damages in federal court. The Court does not find there is jurisdiction to allow this suit to proceed against the State of Florida and declines to vacate the dismissal of this Defendant.

As to the individual Defendants, Dr. Joseph Poitier and Joetta Bates, the Court declines to vacate its finding that qualified immunity bars Plaintiff's claims. In the absence of a brief explaining why qualified immunity does not attach, which Plaintiff never filed in response to the motion to dismiss, the Court declines to vacate that ruling.

Finally, as to the individual Defendants, Jackie Sears and Maria Gomez, the Court declines to vacate the dismissal without prejudice. There is no return of service on the docket indicating the Plaintiff served these Defendants in compliance with Federal Rule of Civil Procedure 4(m).

DONE AND ORDERED in Chambers at Miami, Florida, this 22 day of October, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record